ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2022-Jul-21  06:15:06
35CV-22-509
C11WD02 : 7 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION

DEREK ISSLER                                          PLAINTIFF

vs.                             Case No. _____

SARACEN DEVELOPMENT, LLC                      DEFENDANT

To be served at:

1 Saracen Resort Drive
Pine Bluff, AR 71601

## COMPLAINT

COMES NOW Plaintiff Derek Issler, by and through his undersigned attorney, and for his Complaint states as follows:

1. Plaintiff is, and was at all times relevant herein, a resident of Saline County, State of Arkansas, and an individual over the age of 21 years.

2. Defendant Saracen Development, LLC d/b/a Saracen Casino Resort. ("Saracen") is, and was at all times relevant herein, a corporation licensed to do business in Arkansas.

3. Venue is appropriate in Jefferson County, because Plaintiff was first injured by the wrongful conduct of Defendant Saracen at their location at 1 Saracen Resort Drive, Pine Bluff, AR 71601.

### Facts Applicable to All Counts

4. On or around October 10, 2020, Plaintiff Issler started working at Saracen Resort, 1 Saracen Resort Drive, Pine Bluff, AR 71601. At that time, he was a Dual-Rate Floor Supervisor.

5. Plaintiff Issler's job requires constant hunching over the craps table, which had been causing severe irritation to the injured disc. Plaintiff Issler had a previous back injury, being diagnosed of degenerative disc disease.



6.      On August 26, 2021, Plaintiff's doctor faxed a note to HR which restricted him from dealing craps. Plaintiff Issler returned to work and was scheduled to deal craps. The craps table is lower than the tables that held other games, and the game is a harder game to deal in terms of skill level.

7.      Plaintiff Issler informed the pit supervisor, Martha Brown, that he had a restriction and cannot deal craps. Martha called Matt Moore (Shift Manager) who informed Neal Atkinson (Director of Table Games). Director Neal stated he would not be allowed to perform his regular job until he was "100% free and clear of any medical restriction." Neal insisted that if Plaintiff cannot deal craps, then he cannot deal any game.[1]

8.      Neal suggested Plaintiff Issler submit FMLA paperwork and call-in on his craps days. Plaintiff Issler mentioned that another dealer with a back issue and a doctor's note was allowed to work a full schedule dealing the other games, and Director Neal declined to comment.

---

[1] Under the Company's Employee Handbook:

> "Saracen is an equal opportunity employer and complies with all applicable federal, state, and local fair employment practices laws. Saracen strictly prohibits and does not tolerate discrimination against Team Members, applicants, or any other covered persons because of race, color, religion or creed, national origin (including ancestry), gender (including pregnancy, childbirth, and related medical conditions), age, the presence of sensory, mental, or physical disabilities, veteran status, genetic information, citizenship, or any other characteristic protected under applicable federal, state, or local law. All Saracen Team Members, other workers, and representatives are prohibited from engaging in unlawful discrimination. This policy applies to all terms and conditions of employment, including, but not limited to, hiring, training, promotion, discipline, compensation, benefits, and termination of employment.
>     Saracen complies with the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act, and all applicable state and local laws. Consistent with those requirements, Saracen will reasonably accommodate qualified individuals with a disability if such accommodation would allow the individual to perform the essential functions of the job, unless doing so would create an undue hardship. If a Team Member believes s/he needs an accommodation, s/he should refer any such request to the Team Member's supervisor in addition to Human Resources."

9. On August 30, Plaintiff Issler was removed from the schedule. He was then scheduled 0 days for the upcoming two weeks (9/1/21-9/14/21).

10. On September 7, Pevelyn in HR confirmed Plaintiff Issler's FMLA had been approved. Issler's doctor sent a second note; other than not specifically stating no craps, the restrictions were unchanged which meant no excessive bending, stooping, reaching, etc. Issler was put back on the schedule with the second note on file, and was scheduled in craps 3/5 days (September 16,19, and 20) although the company, his managers, and HR knew that he was medically unable to deal that game.

11. On September 20, Issler was scheduled for craps 2/5 days for the following week (September 26 and 27).

12. On September 23, Issler was scheduled 4/5 days in craps for the following week (September 30 and October 1,3, and 4). Issler asked Tim about the meeting with the GM, and he was told that it had been passed along to Neal.

13. On September 30, Issler was scheduled 3/5 days in craps for the following week (October 7, 8, and 10).

14. On October 9, Tim Parker (Table Games Manager) informed Plaintiff Issler that his FMLA had not been approved. Tim acknowledged it was reasonable to accommodate Plaintiff in the same manner LaQuinta Smith was accommodated by simply removing Plaintiff from the craps table and allowing him to perform his job as a dealer on any other table in the casino. Issler was then scheduled 2/5 days in craps for the following week (October 14 and 17).

15. On October 14, Issler was scheduled 2/5 days as a craps dealer (October 21 and 23) and 1 day as a craps supervisor (October 22).

16.     On October 22, Plaintiff met with Pevelyn, who again deferred to Neal's decision and offered no help.

17.     Throughout his employment at Saracen, Plaintiff was not properly accommodated for his disability, despite his continuous request and submission of doctor's notes.

18.     Plaintiff has suffered damages as a result of the discriminating conduct, which led him to undergo a long period of unemployment afterward. He has further suffered emotional distress as a consequence of the same.

19.     Defendant Saracen's failure to reasonably accommodate Plaintiff's degenerative disc condition was deliberate and flagrant, despite granting accommodations to other female worker with similar medical condition accommodation.

20.     Plaintiff filed his claim of discrimination with the Equal Employment Opportunity Commission on November 26, 2021.

## COUNT I: AMERICAN WITH DISABILITIES ACT VIOLATION

COMES NOW Plaintiff Derek Issler, and for his cause of action arising from violations of the Americans with Disabilities Act, states as follows:

21.     Plaintiff restates all paragraphs of this Complaint.

22.     The Americans with Disabilities Act, codified as 42 U.S.C. § 12101, prohibits discrimination based upon disability. The ADA also requires covered employers to provide reasonable accommodations to employees with disabilities and imposes accessibility requirements on public accommodations.

23.     Reasonable accommodations include, but are not limited to, reassignment to a vacant position within the employer's organization when an employee with a disability can no

longer perform the essential functions of the employee's position and a vacant position for which the employee is qualified is available.

24. Under the ADA, a disability is defined as "a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment."

25. Plaintiff Issler is, and was at all times relevant herein, an individual with a disability within the meaning of 42 U.S.C. §12102 and 29 C.F.R. §1630.2. Plaintiff Issler has a physical disability that substantially limits, at minimum, his major life activities of standing, lifting, and bending.

26. Plaintiff Issler had disclosed his medical condition to Defendant Saracen.

27. On or about August 26, 2021, Plaintiff Issler requested accommodations for his degenerative disc disease, a medical condition covered under the Americans with Disabilities Act.

28. On or about August 26, 2021, Defendant Saracen had a duty to comply with the Americans with Disabilities Act.

29. Plaintiff Issler was discriminated against in that Defendant Saracen had:

  a. refused to make accommodations for Plaintiff's degenerative disc disease, despite his continuous request and submission of doctor's notes;

  b. forced Plaintiff to miss a substantial amount of work.

30. As a direct and proximate cause of the failure of Defendant Saracen to comply with the Americans with Disabilities Act, Plaintiff Issler continues to suffer financial losses due to Saracen's failure to provide accommodation for him to work.

31.     WHEREFORE Plaintiff Requests that the Court enter judgment in his favor, for damages arising from Defendant's discriminatory conduct, attorneys' fees, punitive damages and post judgment interest, and for any other relief as may be just and proper.

### COUNT II: EMPLOYMENT DISCRIMINATION – TITLE VII

COMES NOW Plaintiff Derek Issler, and for his claim of employment discrimination states as follows:

32.     Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

33.     Plaintiff Issler was discriminated against on the basis of sex. A female employee, who had a similar injury as Issler, was provided accommodations, as was a female security guard, whereas Plaintiff and a male table dealer were not provided the slightest of accommodations.

34.     Plaintiffs' sex was the determining factor and/or a motivating factor in Defendants' actions.

35.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven

at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

36. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

37. WHEREFORE Plaintiff Issler requests humbly that the Court enter judgment in his favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Defendant Saracen, attorneys fees, and for any other relief as may be just and proper under the circumstances.

Respectfully submitted,

/s/Geoffrey D. Kearney
Geoffrey D. Kearney
Ark. Bar No. 2012304

The Law Office of Geoffrey D. Kearney, PLLC
P.O. Box 8276
Pine Bluff, AR 71611
P: 870-376-3068
E: GDK@gdkpllc.com

**OTT LAW FIRM**

Joseph A. Ott, #67889, *Pro Hac Vice Admission Forthcoming*
Mark E. Blankenship Jr., *Pro Hac Vice Admission Forthcoming*
3544 Oxford Avenue
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080

*Attorneys for Plaintiff*