**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DEREK ISSLER**                                                                                            **PLAINTIFF**

**vs.**                          **CASE NO. 4:22-cv-799-KGB**

**SARACEN DEVELOPMENT, LLC**                                         **DEFENDANT**

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

Defendant, Saracen Development, LLC ("Saracen"), respectfully provides its Reply to Plaintiff's Response to Motion for Summary Judgement as follows:

**1. Plaintiff's Responses to Defendant's State of Undisputed Material Facts**

Plaintiff, Derek Issler ("Issler") filed his Responses to Defendant's Statement of Undisputed Material Facts essentially denying seven out of the eleven paragraphs. *See* Doc. 25. However, the majority of the statements made in Defendant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment come from Plaintiff's own deposition testimony and pleadings. *See* Doc. 16. Plaintiff further attempts to take this Court through a mathematical process regarding tips and ratio of work in its denial of deposition testimony and pleadings Plaintiff. Essentially, Plaintiff denies most of Plaintiff's own statements and allegations and then turns his responses into arguments and otherwise adds facts that are in dispute.

**2. Summary Judgment is Appropriate on Plaintiff's Sex Discrimination Claim**

Once again, the only similarly situated person alleged by Issler, as a dual rate supervisor, was LaQuinta Smith, which as provided in her affidavit (*See* Doc. 15-3), involves facts grossly

different and inconsistent with the work notes provided by Issler's doctor and accommodation. Issler attempts to circumvent Smith's affidavit by his "recollection" of facts that differ from Smith's affidavit. Courts may consider pleadings, depositions, documents, electronically stored information, *affidavits*, and other materials to determine whether a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c). In Issler's one paragraph response to Saracen's motion for summary judgment for Issler's sex discrimination claim, Issler has failed to show a genuine dispute as to any material fact and Saracen is entitled to judgment as a matter of law on Issler's sex discrimination claim.

### 3. Summary Judgment is Appropriate on Plaintiff's Americans with Disabilities Act ("ADA") Failure to Accommodate Claim

Plaintiff provides thirteen exhibits in his Response which includes the majority of depositions taken and much of the discovery produced to attempt to argue that Defendant's Motion for Summary Judgment be denied. However, as provided in Defendant's Motion, Brief in Support and Statement of Undisputed Facts, Defendant is entitled to summary judgment on Plaintiff's ADA failure to accommodate claim. For purposes of its Motion and related to the two work notes provided, Saracen does not dispute Issler was disabled. However, unlike Plaintiff's argument, there is a difference in the work restrictions and time periods involving the restrictions placed in each note and the accommodations as discussed in Defendant's Motion for Summary Judgment involving each note and analysis thereof. Additionally, for purposes of its Motion, Saracen does not dispute Issler had the skill and experience to be a table games dealer as well as a supervisor in his dual-rate supervisor position.

During the time period Issler had a specific craps restriction for the table game, it was reasonable to not allow Issler deal any game and to work in a supervisor position. Issler argues the pay rate structure for supervisors serving in that capacity and in a dual role. However, that dual

role was part of his job description. It was not a reassignment that Issler attempts to argue with citing *Alexander v. Casino Queen, Inc.*, 739 F.3d 972 (7th Cir. 2014). Issler's first work note which involved a period for approximately two (2) weeks involved a specific table game and Issler sought to exclude that table game while continuing to work all others. The second work note removed the craps restriction, but Issler continued to seek to exclude that same table game, craps.

Issler also attempts to argue that "the record reflects that craps is actually the *best paying* table game" in that it paid at the time $8 per hour as opposed to the $6 per hour for other table games. However, craps, like other table games includes receiving tips, but the craps tips are pooled and are not a keep your own tips but shared between all persons working the craps table on that day. *See* Exhibit E (Doc. 25-5) to Plaintiff's Response to Motion for Summary Judgment, Atkinson Dep. 15:8-20, 31:13-17.

Issler also continues to argue the difference between craps and other table games, but both Tim Parker and Neal Atkinson discuss the bending and twisting related to table games.[1] *See* Exhibit F (Doc. 25-6) to Plaintiff's Response to Motion for Summary Judgment, Parker Dep. 14:20 – 20:4; Exhibit D (Doc. 25-4) to Plaintiff's Response to Motion for Summary Judgment, Atkinson Dep. 48:12-17.

Issler's first work note has a specific craps restriction. The second note stated Issler's pain symptoms are under control and he may return to work, but *cautions* to avoid certain actions and

---

[1] In Plaintiff's Relevant Facts section of his Response, Plaintiff states, "[T]here is some remaining question about roulette, because Saracen would not allow a demonstration of that game during discovery." *See* Doc. 26, Page 2. Saracen did allow Issler to perform demonstrations for certain table games in Saracen's dealer training school. *See* Exhibit F to Plaintiff's Response, Parker Dep. 36:24 – 37:11. Saracen was unable to allow a demonstration of roulette because it did not have an official roulette table at the dealer school and it would be beneficial to have a demonstration of a roulette table as it is pretty much the exact same distances someone reaches in craps. *See* Exhibit F to Plaintiff's Response, Parker Dep. 37:12 – 39:12.

that when flare-ups occur while performing work duties, to be able to rest and recover. During the time period Issler had a specific craps restriction for the table game, it was reasonable to not allow Issler deal any game and to work in a supervisor position. However, Issler rejected the accommodation regarding supervising, and not dealing, during this time period. This time period related to Issler's work schedule was approximately September 1, 2021 to September 14, 2021.

The second work note was provided to Saracen on September 8, 2021, and Issler was put back on the table games schedule to deal all table games, including craps, and Issler obtained this subsequent work note when Saracen needed a different doctor's note for Issler to go back to deal table games. The second work note removed the craps restriction and stated, "[Issler's] pain symptoms are under control at this time. He may return to work, however, he should still be cautious and avoid excessive bending, stooping, twisting, pushing, pulling, or lifting greater than 20-25 pounds. Flare-ups may occur while performing work duties and it is recommended that he be allowed time off to rest and properly recover after an episode." *See* Exhibit 1 (Doc 15-1) to Plaintiff's Motion for Summary Judgment, Issler Dep. 50:5-12.

Following the second work note, Issler did not have a separate conversation with Atkinson, but contends he made another similar request to not deal craps based on the second work note. *See* Exhibit 1 (Doc. 15-1) to Plaintiff's Motion for Summary Judgment, Issler Dep. 73:19 – 75:23. Issler contends he once again requested to be allowed to continue working in his regular job as dealer, but not be made to deal craps, the one game Issler contends exacerbated his medical condition. *See* Exhibit 1 (Doc. 15-1) to Plaintiff's Motion for Summary Judgment, Issler Dep. 193:3-23.

In connection with the second work note to allow time off to rest and recover, Saracen did allow such accommodation as provided by the doctor related to FMLA call-outs once qualified or

to otherwise allow Issler to serve in a supervisor position. *See* Exhibit 6 (Doc. 15-6) to Plaintiff's Motion for Summary Judgment, Atkinson Dep. 50:4 – 53:12. The accommodations proposed by Saracen were consistent with the restrictions contained in the work notes, were reasonable and not made with a lack of good faith and included a portion of Issler's job responsibility.

### 4. Conclusion

As provided in its Motion for Summary Judgment, Statement of Undisputed Material Facts, Exhibits, Brief in Support and its Reply, Saracen did not discriminate on the basis of sex against Plaintiff, Derek Issler, nor did it not violate the American with Disabilities Act as alleged by Plaintiff, Derek Issler, and that Summary Judgment is appropriate.

Respectfully submitted,

DATED: November 2, 2023               **SARACEN DEVELOPMENT, LLC**

Hope, O'Dwyer, Wilson & Arnold, P.A.
211 S. Spring St.
Little Rock, AR 72201
(501) 372-4144
Fax (501) 372-7480

By: /s/ Win Wilson
    Ronald A. Hope, Bar No. 81092
    rhope@hope-lawyers.com
    Ralph "Win" Wilson, III, Bar No. 2007279
    wwilson@hope-lawyers.com
    Attorneys for Defendant